SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NARGIS NIAZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, Secretary, ) <br> Department of Homeland Security; ) <br> CONDOLEEZZA RICE, Secretary, ) <br> Department of State, ) <br> ) <br> Defendants. ) <br> _____ ) | No. C07-4030 MMC <br><br><br><br><br><br> DEFENDANTS' MOTION FOR <br> SUMMARY JUDGMENT <br><br> Date: November 16, 2007 <br> Time: 9:00 a.m. <br> Court: 7, 19th Floor |

## I. INTRODUCTION

Plaintiff Nargis Niaz ("Plaintiff") asks the Court to require Defendants to "expeditiously process" Plaintiff's immigrant visa petition, and issue a visa for her husband. However, Plaintiff's visa petition has been processed by the U.S. Citizenship and Immigration Services ("USCIS") and forwarded to the National Visa Center, where it is in line for regular processing. Furthermore, mandamus cannot be used to instruct an official how to exercise discretion. Accordingly, Plaintiff's claims fail, and Defendants are entitled to judgment in their favor as a matter of law.

## II. FACTS

On December 8, 2006, Plaintiff filed an immigrant visa petition, Form I-130, with the USCIS California Service Center, on behalf of her husband. Complaint, p. 1 ¶ 2. On February 7, 2007,

1  USCIS approved the petition. Id. On September 19, 2007, the U.S. Department of State's National
2  Visa Center ("NVC") received the approved visa petition, where it is in queue for regular
3  processing. See Declaration of Larry Grubb ("Grubb Decl."), p. 2 ¶ 4.

### III. GENERAL PRINCIPLES APPLICABLE TO THIS MOTION

#### A. LEGAL STANDARD

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A fact is material if the fact may affect the outcome of the case. See id. at 248. The Ninth Circuit has declared that "[i]n considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. See Celotex Corp. v. Cattrett, 477 U.S. 317, 323-24 (1986).

#### B. RELIEF AVAILABLE UNDER THE ADMINISTRATIVE PROCEDURE ACT AND THE MANDAMUS ACT

Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq., a court may compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The elements of a claim under § 706(1) are the existence of a discrete, ministerial duty; a delay in carrying out that duty; and a determination that the delay was unlawful or unreasonable in light of prejudice to one of the parties. Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004); Rockbridge v. Lincoln, 449 F.2d 567, 569-73 (9th Cir. 1971).

The APA does not provide an independent jurisdictional basis. Califano v. Sanders, 430 U.S. 99, 107 (1977); Staacke v. U.S. Department of Labor, 841 F.2d 278, 282 (9th Cir. 1988). Rather, it merely provides the standards for reviewing agency action once jurisdiction is otherwise established. Staacke, 841 F.2d at 282. Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201

("DJA"), does not provide an independent basis for jurisdiction; rather, it only expands the range of remedies available in federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).

Mandamus is an extraordinary remedy. See Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 392 (2004) (Stevens, J., concurring); Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The United States Supreme Court has stated that "[t]he common law writ of mandamus is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). The Ninth Circuit has explained that

> [m]andamus . . . is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.

Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003).

## IV.  ANALYSIS

Plaintiff asks the Court to both compel Defendants to "expeditiously process" Plaintiff's immigrant visa petition, and require Defendants to issue an immigrant visa to her husband. However, USCIS has transmitted the approved visa petition to the Department of State. Declaration of Melanie Proctor ("Proctor Decl."), Attachment; Grubb Decl., p. 2 ¶ 4. Accordingly, Plaintiff's claim against USCIS is now moot, and Michael Chertoff should be dismissed from the case. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (stating a case is moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution). Thus, only two questions remain: first, whether the Court can compel the NVC to process Plaintiff's visa petition ahead of others in the queue, and second, whether the Court can compel the NVC to issue a visa.

### A  RELIEF IS NOT AVAILABLE UNDER THE APA OR THE MANDAMUS ACT

#### 1.  Visa Processing Is Not Subject to Judicial Review

In answering the first question, the Court must consider whether action on Plaintiff's I-130 petition is subject to judicial review. Judicial review under the APA is specifically precluded where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2) (precluding APA

1  review of agency actions that are "committed to agency discretion by law."). Courts have
2  recognized that "[t]he visa issuing process has long been an area of legislative discretion in which
3  courts have determined they do not have the authority to intervene." Kummer v. Shultz, 578 F.
4  Supp. 341, 341 (N.D. Tex. 1984) (declining to issue writ of mandamus compelling Secretary of State
5  to expeditiously process visa application) (citing Kleindienst v. Mandel, 408 U.S. 753 (1972)); see
6  also Li v. Chertoff, No. 06 CIV 13679 LAP, 2007 WL 541974, at *1 (S.D.N.Y. Feb. 16, 2007)
7  (rejecting plaintiff's contention that court had jurisdiction to compel adjudication of visa petition).
8  Plaintiff complains that Defendants are taking too long in processing her visa petition; thus, because
9  Plaintiff asks the Court to review the visa issuing process, the Court lacks jurisdiction to review
10 Plaintiff's claims against Secretary Rice.

   2.  PETITIONER'S I-130 HAS BEEN PENDING AT THE NATIONAL VISA CENTER FOR TWENTY DAYS

13     Assuming arguendo, and the Court determines it has jurisdiction to review whether the
14 twenty days since the NVC received Plaintiff's visa petition constitutes unreasonable delay, the
15 Court should apply the six part test first articulated in Telecomm. Research and Action Ctr. v. FCC,
16 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). The six considerations outlined in TRAC include:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay;
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

24 750 F.2d at 80.
25     The court in Sze v. INS, No. C-97-0569-SC, 1997 WL 446236, at *8 (N.D. Cal. Jul. 24,
26 1997), which applied the TRAC test to a similar complained-of delay in the immigration context,
27 found the fourth factor to be the most persuasive. Id. at *8. The court, in refusing to grant relief
28 under the APA, held that "the reasonableness of administrative delays must be judged in light of the

DEFENDANTS' MOTION
C 074030 MMC                          4

1  resources available to the agency." Id.  The court also recognized that by granting relief, it "would,
2  at best, reorder the queue of applications, thereby leading to little net benefit." Id.; see also Liberty
3  Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 117 (D.D.C. 2005) (Department of Labor's decision on
4  how to handle competing applications for permanent labor certifications – on a first in, first out
5  processing – "is deserving of deference" because any grant of relief to petitioners would result in
6  "no net gain" – petitioners would move to the front of the queue, at the expense of other similarly
7  situated applicants.).

8  Compelling the NVC to process Plaintiff's approved visa petition ahead of the thousands of
9  other visa petitions in line for processing would unfairly move her petition ahead of other similarly
10 situated applicants. Grubb Decl., pp. 1-2 ¶ 3; see Liberty Fund, 394 F. Supp. 2d at 117.  The petition
11 has been pending with the NVC for less than one month.  Id., p. 2 ¶ 4.  Moreover, processing is
12 expected to take only six months.  Id., pp. 1-2 ¶ 3.  Defendant Rice has not unreasonably delayed
13 action on this case.  See, e.g., Almendarez v. Sava, No. 86 CIV 7546 (CSH), 1988 WL 56923, at *2
14 (S.D.N.Y. May 17, 1988) (declining to issue a writ of mandamus compelling former Immigration
15 and Naturalization Service to transmit visa petitions to the Consul). Moreover, Plaintiff has failed
16 to show any set of facts justifying the issuance of an extraordinary writ of mandamus.

17  C.  THE COURT LACKS JURISDICTION TO COMPEL DEFENDANT RICE
        TO ISSUE A VISA
18

19 Plaintiff also asks the Court to compel the NVC to issue a visa.  Complaint, Prayer for Relief.
20 That action is beyond the jurisdiction of the Court; for that matter, the action is beyond the power
21 of Defendant Rice.  Immigration law provides that she is charged with administration and
22 enforcement of immigration laws "except those powers, duties, and functions conferred upon the
23 consular officers relating to the granting or refusal of visas." 8 U.S.C. § 1104(a) (emphasis added).
24 Accordingly, the Court cannot compel Defendant Rice to do what Congress has specifically
25 forbidden.

26 Even had Plaintiff named a consular officer as a defendant, it has long been acknowledged
27 that the decision of a consular officer to grant or deny a visa is not subject to court review. See, e.g.,
28 Centeno v. Schultz, 817 F.2d 1212 (5th Cir. 1987, cert. denied, 484 U.S. 1005 (1988); Li Hing of

DEFENDANTS' MOTION
C 074030 MMC                                      5

Hong Kong, Inc. v. Levin, 800 F.2d 970 (9th Cir. 1986); Ventura-Escamilla v. INS, 647 F.2d 28 (9th Cir. 1981); Rivera de Gomez v. Kissinger, 534 F.2d 518 (2d Cir.), cert. denied, 429 U.S. 987 (1976); U.S. ex rel. Ulrich v. Kellogg, 30 F.2d 984 (D.C. Cir. 1929), cert. denied, 279 U.S. 868 (1929); Romero v. Consulate of the U.S., Barranquilla, 860 F. Supp. 319 (E.D. Va. 1994); Garcia v. Baker, 765 F. Supp. 426 (N.D. Ill. 1990); Hermina Sague v. United States, 416 F. Supp. 217 (D.P.R. 1976). This well settled doctrine is supported by United States Supreme Court precedent, the legislative history of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1101 et. seq, and the terms of the statute itself.

"The Supreme Court has repeatedly affirmed that the legislative power of Congress over the admission of aliens is virtually complete." Ventura, 647 F.2d at 30 (citing Fiallo v. Bell, 430 U.S. 787, 792 (1977); Kleindienst v. Mandel, 408 U.S. 753, 766 (1972)). As Justice Harlan stated in Lem Moon Sing v. United States, 158 U.S. 538 (1895):

> The power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come into this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications.

158 U.S. at 547 (emphasis added).

The Ninth Circuit in Ventura stated that Justice Harlan's statement "still clearly expresses the Court's position." 647 F.2d at 30. In holding that courts have no jurisdiction to review consular visa denials, the court in Ventura pointed out that:

> The scope of judicial review is necessarily limited by the recognition that the power to exclude or expel aliens, as a matter affecting international relations and national security, is vested in the Executive and Legislative branches of government. Fong Yue Ting v. United States, 149 U.S. 698, 713 (1893) . . . As such, judicial intervention has been restricted to those matters the review of which has been 'authorized by treaty or statute, or is required by the paramount law of the Constitution.' Hampton v. Mow Sun Wong, 426 U.S. 88, 101 n.21 (1976).

647 F.2d at 30. Because such decisions are not subject to judicial review, the Court cannot compel Defendant Rice to issue a visa. Patel v. Reno, 134 F.3d 929, 932 (9th Cir. 1997) (mandamus relief is limited to circumstances where an agency fails to take action it is obligated to take); Wilmot v. Doyle, 403 F.2d 811, 816 (9th Cir. 1968) (mandamus may not be used to instruct an official how to exercise discretion).

## V.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to grant summary judgment in their favor.

Dated: October 9, 2007                                Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
MELANIE L. PROCTOR
Assistant United States Attorney