```
1  JUSTIN X. WANG (CSB #166183)
   PEGGY A. SHIH (CSB#197545)
2  BAUGHMAN & WANG
   111 Pine Street, Suite 1350
3  San Francisco, California 94111
   Telephone: (415) 576-9923
4  Facsimile:  (415) 576-9929

5  Attorneys for Plaintiff
   Nargis NIAZ
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Nargis NIAZ,<br><br>          Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;<br>CONDOLEEZZA RICE, Secretary of State,<br><br>          Defendants. | Case No.: C07-4030 MMC<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>District Judge: Honorable Maxine M. Chesney<br>Date: November 16, 2007<br>Time: 9:00 a.m. |

Plaintiff Nargis Niaz, through undersigned counsel, files this opposition to defendants' motion for summary judgment as Defendants are not entitled to judgment as a matter of law, given that both the Mandamus Act and the Administrative Procedure Act (APA) require that U.S. Citizenship and Immigration Services (USCIS) and Secretary of State process the case to conclusion and carry out their duties as delegated by Congress.  In its motion, Defendants assert that the Court lacks jurisdiction to compel expedited processing of this case or the issuance of the visa itself.  Plaintiff not only opposes Defendants' motion, but cross-moves for summary judgment, maintaining that the Court retains jurisdiction over the action because mandamus does lie and Defendants owe a duty to Plaintiff to complete their adjudication, including the USCIS's duty to adjudicate the immigrant visa petition within a reasonable time.  Moreover, Plaintiff is not

seeking preferential treatment, or expedited processing, but rather that all Defendants take action as delegated to them by Congress.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

On December 8, 2006, Plaintiff Nargis Niaz filed a Form I-130 immigration petition with the USCIS California Service Center (CSC) on behalf of her husband. The CSC approved the petition on February 7, 2007. For more than seven months, the case was held in abeyance, as both the CSC and the National Visa Center (NVC) claimed that they did not have the petition. Only upon filing of the instant mandamus action on August 6, 2007, did the NVC receive the approved petition on September 19, 2007, where Defendants indicate that it is in queue for regular processing.

On October 9, 2007, Defendants filed a motion for summary judgment claiming that the claim against the USCIS is moot. Defendants' Motion for Summary Judgment, p. 3.

### ARGUMENT

Summary judgment is appropriate because the pleadings, when viewed in the light most favorable to the nonmoving party, demonstrate that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cleotex Corp. v. Catrett*, 477 U.S. 317 at 323 (1986).

Plaintiff contends as a matter of law 1) that Defendants' inaction for over seven months after Plaintiff's immigrant visa petition was approved was an unreasonable delay under the Mandamus Act and the APA and 2) regardless of which stage of visa processing that Plaintiff's case is in, the Defendants are obligated to carry out their duties as delegated to them by Congress.

Mandamus is appropriate where the plaintiff has a clear right to the relief requested, the defendant has a clear duty to act, and no other adequate remedy is available. *Fallini v. Hodel*,

783 F.2d 1343 (9th Cir. 1986). 1) their claim is clear and certain, 2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and 3) no other adequate remedy is available. *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). Plaintiff has a clear right to have the immigrant visa petition adjudicated or visa issued or granted within a reasonable time, the Defendants have a non -discretionary duty to provide that relief, and Plaintiff has no other adequate remedy available.

Plaintiffs are also entitled to relief under 28 U.S.C. §1361 and the APA. Under 28 U.S.C. § 1361, district courts have original jurisdiction to compel an officer of the United States to perform his duty. While the duty is often mandatory or ministerial, the duty may also be in the exercise of discretion. Although an officer may have discretion to adjudicate an application, it has a non-discretionary duty to process the application. Failure to perform such duties can be contrary to law for mandamus to lie. *Davis v. Shultz*, 453, F.2d 497, 502 (3rd Cir. 1971), *Naporano Metal and Iron Company v. Secretary of Labor*, 529 F.2d 537 (3d Cir. 1976). Jurisdiction exists to challenge a U.S. official's authority to "take or fail to taken an action as opposed to a decision taken within . . . discretion." *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997). Here, Plaintiff is requesting that the Defendants exercise discretion, not necessarily favorable discretion. As in *Patel*, Plaintiff is not challenging a decision within the discretion of the officer, but challenging the Defendants failure to act for seven months after the visa petition was approved and their continuing failure to make a decision on whether to issue a visa for her husband.

The APA provides a cause of action when the government unreasonably delays action or fails to act altogether. 5 U.S.C. §§ 555(b) and 706(1). The APA states that federal courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Agency action also includes the "failure to act." 5 U.S.C. § 551(13). The APA imposes a clear

duty on Defendants to act on Plaintiff's application every step of the process. Administrative agencies such as USCIS, the NVC, and the Department of State (DOS) do not have discretion to "avoid discharging the duties that Congress intended them to perform." *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999). In addition, a general timing provision for agencies is provided within the APA at 5 U.S.C. § 555(b), which states that agency action should be concluded within a reasonable time. *See Forest Guardians v. Babbitt*, 174 F.3d 1178 (10th Cir. 1999).

Immigration officers are authorized to exercise the powers and duties as specified by the Immigration and Nationality Act ("INA") 8 C.F.R. § 103.1(b). Section 204 of the INA and 8 U.S.C. § 1154 is the statute governing immigrant visa petitions:

> After an investigation of the facts in each case, and after consultation with the Secretary of Labor with respect to petitions to accord a status under section 203(b)(2) or 203(b)(3), the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 201(b) or is eligible for preference under subsection (a) or (b) of section 203, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status.

Essentially, the immigrant visa process is a multi-step process, set in motion by the Attorney General: the USCIS *shall* approve an immediate relative immigrant visa petition, forward a copy to the Department of State and the Secretary of State *shall* authorize a consular officer to grant the preference status. Under 8 C.F.R. § 204.2(a)(3):

> The approved petition will be forwarded to the Department of State's Processing Center. If the beneficiary is in the United States and is eligible for adjustment of status under section 245 of the Act, the approved petition will be retained by the Service. If the petition is denied, the petitioner will be notified of the reasons for the denial and of the right to appeal in accordance with the provisions of 8 CFR 3.3.

Again, the USCIS is authorized to approve or deny the petition and follow the applicable procedures within a reasonable time, per the APA.

The National Visa Center (NVC) provides administrative support for U.S. embassies and consulates abroad that process immigrant visas. It follows established immigrant visa processing procedures. At the last step, the consular officer, under the rubric of the Department of State, is responsible for actual visa issuance. 22 C.F.R. §42.81. Not only does the USCIS have a duty to adjudicate a I-130 petition, but the DOS has a duty to grant or deny issuance of a visa. Again, while the decision to grant or deny a visa is not subject to review, the failure to make a decision is subject to court review. The process for visa issuance involves multiple agencies, such that the point of analysis should not be focused solely on the NVC at the exclusion of the USCIS' prior inaction.

Courts have concluded that subject matter jurisdiction exists over whether Defendants have unreasonably delayed in performing their non-discretionary duty to adjudicate I-130 petitions. *Valenzuela v. Kehl*, No. 05-1764, 2006 U.S. Dist. LEXIS 61054 (N.D. Tex. 2006); *Razaq v. Poulous*, No. C-06-2461 WDB, 2007 WL 61844, at *3-4 (N.D. Cal. Jan. 8, 2007).

Plaintiff can demonstrate that Defendants owed her a duty to complete their adjudication within a reasonable time. Defendants, who approved the I-130 petition over seven months ago, have a duty to complete the procedures for the beneficiaries' travel to the United States. Absent the court's order, Plaintiff's case is likely to continue pending without an outcome. At minimum, Defendants should be held accountable for their prior delay by ensuring the expeditious handling of Plaintiff's case henceforth, including at the NVC and with the DOS. Defendants' characterization of the issue as solely whether the NVC has acted unreasonably under the *Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984)("TRAC") factors is misguided. Rather the overall process and the USCIS' prior actions should also be considered in the determination of unreasonableness.

An analysis of the delay utilizing the six *TRAC* factors demonstrates that Defendants' have delayed unreasonably in processing Plaintiff's case to conclusion. Under the first *TRAC* factor regarding the timing of decisions by the rule of reason, the processing of I-130 petition and visa must be looked at in relation to the particulars of Plaintiffs' case. In the instant case, Defendants have provided no evidence to explain the reason for the delay and why it failed to take any action in forwarding Plaintiff's approved petition to the NVC. Courts have found that even when more than one agency is involved in the delay, both can be held accountable regardless of who is actually responsible for the delay. *See Singh v. Still,* 470 F. Supp. 2d 1068 (N.D. Cal. 2007).

Under the second *TRAC* factor, although there is no statutory directive from Congress regarding a specific time frame for the forwarding and issuance of immigrant visas, reasonable time can be determined through other methods, including the use of *TRAC* factors. Guidelines can also be gleaned via the USCIS' and DOS' own average, internal processing times, which provide an indication of the speed with which to determine reasonableness. The APA also provides a timing provision for agency action to be concluded within a reasonable time. *See Forest Guardians v. Babbitt*, 174 F.3d 1178 (10th Cir. 1999). Lack of a specified deadline within the statute does not lessen Defendants' duty to Plaintiff. *Razaq v. Poulous*, No. C-06-2461 WDB, 2007 WL 61844, at *4 (N.D. Cal. Jan. 8, 2007)("The fact that neither the statute nor regulations establish a specific deadline does not change the character of the duty itself . . . Congress expected the executive branch to receive applications of this kind and then to 'adjudicate' them to decision.").

The third *TRAC* factor considers delays with impacts on human health or welfare, as opposed to those economic in nature, to be less tolerable. This coincides with the fifth TRAC factor, which weighs the nature and extent of interests prejudiced by the delay. In this case,

human welfare is implicated through the impairment of Plaintiff's right to have her case processed to conclusion. Plaintiff has been adversely impacted by being deprived of the outcome of the immigrant visa application for more than seven months and continuing; the emotional strain of being separated from her husband indefinitely, by being unable to plan or pursue a future course of action in the United States due to the pendency of her husband's visa application.

The effect of expediting the action on agency activities of a higher/competing authority is the fourth *TRAC* factor. As a practical matter, expediting the delayed action on immigrant petitions and has routinely occurred in the past without seemingly to impinge on the agency's activities of a higher or competing authority. In fact, many mandamus cases in this district have been dismissed because the cases have been successfully expedited by the Defendants, reflecting that no higher or competing authority was compromised when the court compelled the agency to act. Plaintiff is simply requesting that the Court intervene to ensure established procedures are timely being followed without any unreasonable delay. Furthermore, if the Court accepted Defendants' lack of resources argument, then the Court would be essentially relieving Defendants' from fulfilling their statutory and mandatory duties or sanctioning Defendants' non-compliance. *Dong v. Chertoff*, No. C-07-2660 SBA, 2007 WL 2601107, at *17 (N.D. Cal. 2007).

The final *TRAC* factor states that the Court does not need to find impropriety in order to find that agency action is unreasonably delayed. Indeed, the fact that Plaintiff's case has been pending for over seven months since approval is sufficient under this factor, even absent a specific motivation to delay by the Defendants.

Thus, the balancing of the *TRAC* factors, as well as the specific facts of this case, indicate the Defendants have delayed unreasonably in processing and adjudicating Plaintiff's

immigrant visa petition.

Defendants contend that Plaintiff is seeking preferential or expedited treatment ahead of others in line. Defendants' Motion for Summary Judgment, p. 5. However, other visa petitions in line for processing back in February 2007 unfairly proceeded before Plaintiff's case due to the Defendant USCIS' failure to take further action after approval. Plaintiff is merely seeking that her immigrant petition comply with established internal agency processing times and procedures. An expectation that Plaintiff's case will be processed within six months is no assurance without the Court's mandate. Without the relief of mandamus, immigration and consular officers could withhold a decision unfettered or fail to exercise their discretion indefinitely. Mandamus actions provide an aggrieved party a last resort to challenge an agency's action or inaction. Congress has provided through applicable provisions of the APA and the Mandamus Act that agencies should conclude matters before them within a reasonable time. Mandamus actions serve to highlight deficiencies in agency inaction whereby the federal courts may intervene.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants' motion for summary judgment and grant Plaintiff's motion for summary judgment as the Court has jurisdiction to compel the Defendants to process Plaintiff's case to conclusion.

Dated: October 26, 2007                    Respectfully submitted,

                                           /s/
                                           Justin Wang, Esq.
                                           Attorney for Plaintiff