| | |
|---|---|
| 1 | SCOTT N. SCHOOLS (SC 9990) <br> United States Attorney |
| 2 | JOANN M. SWANSON (CSBN 88143) <br> Chief, Civil Division |
| 3 | MELANIE L. PROCTOR (CSBN 228971) <br> Melanie.Proctor@usdoj.gov |
| 4 | Assistant United States Attorney |

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| NARGIS NIAZ, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary, <br> Department of Homeland Security; <br> CONDOLEEZZA RICE, Secretary, <br> Department of State, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. C07-4030 MMC <br><br><br><br><br> DEFENDANTS' MOTION FOR <br> SUMMARY JUDGMENT <br><br> Date: November 16, 2007 <br> Time: 9:00 a.m. <br> Court: 7, 19th Floor |

Plaintiff opposes Defendants' Motion for Summary Judgment, and cross moves for summary judgment in her favor ("Plaintiff's Motion"). She argues that the courts have concluded that subject matter jurisdiction exists to compel processing of I-130 petitions. In support of her argument, she cites Razaq v. Poulos, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007), and Valenzuela v. Kehl, 2006 U.S. Dist. LEXIS 61054 (N.D. Tex. Aug. 28, 2006). However, neither case dealt with facts such as those in the case at hand; in each case, the I-130 petition had yet to be approved. Razaq, 2007 WL 61884, at *1; Valenzuela, 2006 U.S. Dist. LEXIS 61054, at *3. Here, Plaintiff's I-130 petition has been approved, and transmitted to the National Visa Center. Defendants' Motion, p. 3. Accordingly, those cases do not lend support to her argument that the Court has jurisdiction over Defendant Chertoff. As set forth in Defendants' Motion, her claim against Defendant Chertoff is moot.

DEFENDANTS' MOTION
C 074030 MMC

1   Spencer v. Kemna, 523 U.S. 1, 7 (1998).

2         Plaintiff contends that because Defendants have not offered an explanation for the seven
3   months between approving her I-130, the Court should find that the delay is unreasonable. Plaintiff
4   argues that "[a]bsent the Court's order, Plaintiff's case is likely to continue pending without an
5   outcome." Id., p. 5. In Ordonez-Garay v. Chertoff, 2007 WL 2904226 (E.D. Cal. Oct. 3, 2007), the
6   district court rejected a similar argument. There, as in the case at hand, the approved I-130 petition
7   had been forwarded to the NVC. Id., at *4. The district court declared that "arguments about future,
8   possible delays in obtaining a visa are simply not ripe for adjudication." Id.

9         Here, Plaintiff asks the Court to compel Defendants to process her petition in accordance
10  with "established internal agency processing times and procedures." Plaintiff's Motion, p. 8. That
11  is precisely what is occurring. The NVC has received the approved I-130, and anticipates that it will
12  be sent to the consulate for an interview by mid-March. See Defendants' Motion, Grubb Decl.
13  Plaintiff offers no support for her contention that the seven month gap between USCIS's approval
14  and transmission of the petition should be attributed to the NVC.

15        Plaintiff's reliance on Singh v. Still, 470 F. Supp. 2d 1064 (N.D. Cal. 2007) is misplaced.
16  There, the district court considered unreasonable delay in the context of adjudication of an
17  adjustment of status application. Singh, 470 F. Supp. 2d at 1067. The adjustment application could
18  not be approved by U.S. Citizenship and Immigration Services ("USCIS") until the Federal Bureau
19  of Investigation responded to the name check request. Id. at 1068. Notably, USCIS is the
20  adjudicator of adjustment applications. Id.; 6 U.S.C. § 271(b); 8 U.S.C. § 1255(a). Here, USCIS
21  has no further role in processing Plaintiff's I-130 petition. 8 C.F.R. § 204.2(a)(3); Plaintiff's
22  Motion, p. 4; Defendants' Motion, p. 3. Moreover, the NVC has no role in approving I-130
23  petitions. 8 C.F.R. § 204.2(a)(3).

24        Even if the Court were to determine that the seven months could be attributed to the NVC,
25  and that the cases involving adjustment of status applications apply here, no court has held that a
26  delay of this nature constitutes unreasonable delay. See, e.g, Clayton v. Chertoff, et al., No. 07-cv-
27  02781-CW, slip. op. (N.D. Cal. Oct. 1, 2007) (finding that a delay of less than two years is not
28  unreasonable). Accordingly, Plaintiff has failed to establish the existence of an unreasonable delay.

For the foregoing reasons, and for those stated in Defendants' Motion, Defendants respectfully ask the Court to deny Plaintiff's Motion for Summary Judgment, and grant summary judgment in their favor.

Dated: November 2, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
MELANIE L. PROCTOR
Assistant United States Attorney