1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
6     Telephone: (415) 436-6730
      FAX: (415) 436-6927
7
   Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                         SAN FRANCISCO DIVISION
11

NARGIS NIAZ,                          )   No. C07-4030 MMC
                                      )
            Plaintiff,                )
                                      )
    v.                                )
                                      )   DEFENDANTS' REPLY TO PLAINTIFF'S
MICHAEL CHERTOFF, Secretary,          )   OPPOSITION; OPPOSITION TO
Department of Homeland Security;      )   PLAINTIFF'S CROSS MOTION FOR
CONDOLEEZZA RICE, Secretary,          )   SUMMARY JUDGMENT
Department of State,                  )
                                      )   Date:  November 16, 2007
            Defendants.               )   Time:  9:00 a.m.
                                      )   Court: 7, 19th Floor

Plaintiff opposes Defendants' Motion for Summary Judgment, and cross moves for summary judgment in her favor ("Plaintiff's Motion"). She argues that the courts have concluded that subject matter jurisdiction exists to compel processing of I-130 petitions. In support of her argument, she cites Razaq v. Poulos, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007), and Valenzuela v. Kehl, 2006 U.S. Dist. LEXIS 61054 (N.D. Tex. Aug. 28, 2006). However, neither case dealt with facts such as those in the case at hand; in each case, the I-130 petition had yet to be approved. Razaq, 2007 WL 61884, at *1; Valenzuela, 2006 U.S. Dist. LEXIS 61054, at *3. Here, Plaintiff's I-130 petition has been approved, and transmitted to the National Visa Center. Defendants' Motion, p. 3. Accordingly, those cases do not lend support to her argument that the Court has jurisdiction over Defendant Chertoff. As set forth in Defendants' Motion, her claim against Defendant Chertoff is moot.

REPLY
C 074030 MMC

1   Spencer v. Kemna, 523 U.S. 1, 7 (1998).

2        Plaintiff contends that because Defendants have not offered an explanation for the seven months between approving her I-130, the Court should find that the delay is unreasonable. Plaintiff argues that "[a]bsent the Court's order, Plaintiff's case is likely to continue pending without an outcome." Id., p. 5. In Ordonez-Garay v. Chertoff, 2007 WL 2904226 (E.D. Cal. Oct. 3, 2007), the district court rejected a similar argument. There, as in the case at hand, the approved I-130 petition had been forwarded to the NVC. Id., at *4. The district court declared that "arguments about future, possible delays in obtaining a visa are simply not ripe for adjudication." Id.

        Here, Plaintiff asks the Court to compel Defendants to process her petition in accordance with "established internal agency processing times and procedures." Plaintiff's Motion, p. 8. That is precisely what is occurring. The NVC has received the approved I-130, and anticipates that it will be sent to the consulate for an interview by mid-March. See Defendants' Motion, Grubb Decl. Plaintiff offers no support for her contention that the seven month gap between USCIS's approval and transmission of the petition should be attributed to the NVC.

        Plaintiff's reliance on Singh v. Still, 470 F. Supp. 2d 1064 (N.D. Cal. 2007) is misplaced. There, the district court considered unreasonable delay in the context of adjudication of an adjustment of status application. Singh, 470 F. Supp. 2d at 1067. The adjustment application could not be approved by U.S. Citizenship and Immigration Services ("USCIS") until the Federal Bureau of Investigation responded to the name check request. Id. at 1068. Notably, USCIS is the adjudicator of adjustment applications. Id.; 6 U.S.C. § 271(b); 8 U.S.C. § 1255(a). Here, USCIS has no further role in processing Plaintiff's I-130 petition. 8 C.F.R. § 204.2(a)(3); Plaintiff's Motion, p. 4; Defendants' Motion, p. 3. Moreover, the NVC has no role in approving I-130 petitions. 8 C.F.R. § 204.2(a)(3).

        Even if the Court were to determine that the seven months could be attributed to the NVC, and that the cases involving adjustment of status applications apply here, no court has held that a delay of this nature constitutes unreasonable delay. See, e.g, Clayton v. Chertoff, et al., No. 07-cv-02781-CW, slip. op. (N.D. Cal. Oct. 1, 2007) (finding that a delay of less than two years is not unreasonable). Accordingly, Plaintiff has failed to establish the existence of an unreasonable delay.

For the foregoing reasons, and for those stated in Defendants' Motion, Defendants respectfully ask the Court to deny Plaintiff's Motion for Summary Judgment, and grant summary judgment in their favor.

Dated: November 5, 2007                             Respectfully submitted,

                                                    SCOTT N. SCHOOLS
                                                    United States Attorney


                                                    _____/s/_____
                                                    MELANIE L. PROCTOR
                                                    Assistant United States Attorney